**HARTMANN DOHERTY ROSA · BERMAN · BULBULIA**
A LIMITED LIABILITY COMPANY · ATTORNEYS AT LAW

65 Route 4 East
River Edge, New Jersey 07661
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
666 Fifth Avenue, 28th Floor
New York, New York 10103
t: 212.344.4619

Short Hills Office
830 Morris Turnpike
Short Hills, New Jersey 07078
t: 973.467.1325

November 2, 2017

**VIA ECF & REGULAR MAIL**

Honorable John Michael Vazquez
United States District Court
50 Walnut Street
Newark, New Jersey 07101

                Re:     USA v. Vaisman
                         Criminal No. 15-0348

Dear Judge Vazquez:

      This firm represents Defendant Gideon Vaisman ("Vaisman") in the above referenced matter. In anticipation of oral argument on pretrial motions, which presently is scheduled for November 8, 2017, we are submitting the attached Statute of Limitations chart, which illustrates the impact of the MLAT statute (18 U.S.C. § 3292) and tolling agreements upon the applicable statutes of limitations. On February 27, 2017, after the submission of pretrial motion briefs, the Court issued three orders unsealing documents in connection with the government's requests to toll the statute of limitations under the MLAT statute, while it was investigating this case. On March 6, 2017, the government provided Vaisman with additional discovery material relating to its requests to foreign authorities. These new materials clarify the statute of limitations issues Defendant raised in the initial briefing. They also draw into question the government's pretrial motion arguments (and its prior representations to the Court when obtaining MLAT tolling orders) that all three MLAT's toll all of the offense statutes. This letter further explains to the Court the significance of those additional materials.

## FACTS RELATING TO MLAT REQUESTS

      As explained at greater length below, the following dates are relevant to the Court's consideration of the Statute of Limitations issue:

- 1ST GUERNSEY MLAT
Sent 04/28/2010
Final Response 02/18/2011
(297 Days)
[VAISMAN POSITION = TAX ONLY]

- FRANCE MLAT
Sent 2/8/2012
Final Response no later than 10/30/2012
(264 days)
[VAISMAN POSITION = TAX ONLY]

Hon. John Michael Vazquez
November 2, 2017
Page 2

- 2ND GUERNSEY MLAT
    Sent 05/24/2012
    Final Response 11/12/2013
    (538 Days) (106 Days overlap w/France)
    [VAISMAN POSITION = TAX ONLY]

- TOLLING AGREEMENTS = 02/11/2014 to 5/13/2015

- INDICTMENT FILED = July 10, 2015

**First Guernsey MLAT**

On June 9, 2010, the government submitted an ex-parte application for an Order pursuant to 18 U.S.C. § 3292 suspending the statute of limitations in this case. (See Ex. A.) In a declaration in support of the application, Assistant U.S. Attorney Scott B. McBride stated that the Office of International Affairs ("OIA") at the Department of Justice sent a request under a mutual legal assistance treaty to the Bailiwick of Guernsey on April 28, 2010, seeking various bank and business records relating to Tara Aviation, Tara Technology, Gideon Vaisman, and Adrian Maddox. (See Ex. B.)

On or about June 9, 2010, the Honorable Stanley R. Chesler issued an order suspending the statute of limitations for violations of 18 U.S.C. §§ 1001, 1341, 1343, 1349, 1956 and 1957, and 26 U.S.C. §§ 7201 and 7206 "beginning on April 28, 2010, the date on which the official request was made, until the date on which the Guernsey authorities take final action on such a request." (See Ex. C.)

On February 18, 2011, Guernsey sent a final response to AUSA McBride providing the material requested. (See Ex. D.) The Guernsey official did not indicate in any way that the response was incomplete. (See id.) Between the government's official request to Guernsey and Guernsey's final response, 297 days elapsed (including both the start and end date).

As reflected in the U.S. Department of Justice's actual April 27, 2010 MLAT request to Guernsey Attorney General Howard Edwards Roberts, QC (see Ex. E), the only evidence requested from Guernsey was evidence relating to possible banking and tax violations. Specifically, although the request listed a series of offenses under investigation, the MLAT did not actually request evidence relating to the FAA fraud offenses alleged in the Indictment. Rather, the U.S. Department of Justice stated that "This evidence is sought, among other reasons, to track funds generated by Tara Aviation in the United States, trace the flow and disposition of the funds through bank accounts in Guernsey, confirm the beneficial ownership of Tara Aviation, and determine if any taxes were paid on the monies received from sales and if Tara Aviation is simply a sham entity used to launder proceeds from Tara Technology's illegal aircraft parts sales." (Id.) Therefore, the first Guernsey MLAT only tolled offenses with respect to which evidence was sought, specifically, the tax offenses.

**France MLAT**

On February 24, 2012, the government submitted a second ex-parte application for an Order pursuant to 18 U.S.C. § 3292 suspending the statute of limitations in this case. (See Ex. F.) In a declaration in support of the request (Ex. G), AUSA McBride stated that OIA had sent an MLAT request to France on February 8, 2012 seeking bank records of Vaisman, his wife, and "the companies described herein" as well as interviews of bank officials in relation to those accounts. (See id. at 8.) With respect to potential tax evasion, McBride stated that the government suspected that Vaisman used bank accounts in France to hide illicit proceeds and other income from U.S. tax authorities. (See id. at 6-7.)

Nevertheless, upon application of the government, on February 24, 2012, the Honorable Jose L. Linares issued an order suspending the statute of limitations for violations of 18 U.S.C. §§ 1001, 1341, 1343, 1349, 1956 and 1957, and 26 U.S.C. §§ 7201 and 7206 "beginning on February 8, 2012, the date on which the official request was made, until the date on which the French authorities take final action on such a request." (See Ex. H.)

On October 30, 2012, OIA informed AUSA McBride that France had responded to the government's MLAT request. (See Ex. I.) The response was received prior to October 30, 2012, but the exact date is not disclosed in the materials disclosed by the government. Between the government's official request to France and October 30, 266 days elapsed (including both the start and end date).

As with the first Guernsey MLAT, the evidence actually requested from France related solely to possible tax evasion (see Ex. J). As the U.S. Department of Justice explained in its formal MLAT request to the Central Authority of France, seeking Vaisman's French bank account information, "The prosecutor needs records of these accounts in order to: (1) confirm whether Vaisman controls the accounts, and (2) determine the amount and source of the funds in the accounts, and to track the flow of funds into and out of the accounts." There was no request for evidence relating to the FAA fraud offenses alleged in the Indictment.

**Second Guernsey MLAT**

On October 28, 2013, over two years after Guernsey provided its final response to the first Guernsey MLAT, the government submitted a third ex-parte application for an Order pursuant to 18 U.S.C. § 3292 suspending the statute of limitations in this case, the second related to an MLAT request to Guernsey. (See Ex. K.) In a declaration in support of the application, AUSA McBride noted the government's previous request to Guernsey stating "Guernsey provided documents responsive to the request in 2011." (See Ex. L at 7.) AUSA McBride also declared that the second request for information to Guernsey, sent on May 24, 2012, was "[i]n light of information received from Guernsey, as well as developments in the investigation...." (See id at 7-8.) He further stated that this second and separate request to Guernsey sought "(1) an interview of a Guernsey resident whose company handled Tara Aviation's business records and the like; and (2) business records in that resident's or his company's possession relating to Tara Aviation." (See id at 7.)

On October 28, 2013, the Honorable Kevin McNulty issued an order suspending the statute of limitations for violations of 18 U.S.C. §§ 1001, 1341, 1343, 1349, 1956 and 1957, and 26 U.S.C. §§ 7201 and 7206 "beginning on May 24, 2012, the date on which the official request was made, until the date on which the Guernsey authorities take final action on such a request." (See Ex. M.)

Guernsey responded to this second request on November 12, 2013. (See Ex. N.)

As reflected in the U.S. Department of Justice's actual May 24, 2012 MLAT request to Guernsey Attorney General Roberts (see Ex. O), the evidence requested from Guernsey related solely to possible financial (banking and money laundering) offenses and other offenses not charged in the Indictment (e.g., obstruction of justice). Specifically, the Department of Justice explained: "In furtherance of this investigation, the prosecutor seeks to have the Guernsey authorities interview Guernsey resident Tony Sarre to ask him the questions set forth below, and to provide any correspondence between him and the entities involved, in order to determine Sarre's company's true relationship with the entities. The prosecutor also seeks production of certain documents created since the execution of the original request to determine whether the entities involved have made efforts to cooperate with or obstruct the investigation since the international portion of the investigation became known." (Id.)

## ARGUMENT

**1. MULTIPLE COUNTS OF THE INDICTMENT ARE BARRED BY THE STATUTE OF LIMITATIONS DUE TO THE STATUTORY LIMITS OF 18 U.S.C. § 3292.**

The government claims the entire period "from April 28, 2010 through November 12, 2013 is excludable pursuant to 18 U.S.C. § 3292," with respect to all charged offenses, a period in excess of three years. See Gov't Br. at 30. This assertion is wrong under the plain language of the statute. Section 3292(c)(1) states: "The total of all periods of suspension under this section with respect to an offense...shall not exceed three years."

Moreover, Section 3292 provides that, no matter how long it takes for a foreign authority to provide a final response to an MLAT request, the period of tolling is limited to 6 months if the final response is received before the statute of limitations would otherwise expire. Specifically, Section 3292(c)(2) provides that if all foreign authorities take final action "before the statute of limitations would otherwise expire," the statute "shall not extend a period within which a criminal case must be initiated for more than six months." In this case, even the government agrees that all foreign authorities took final action by November 12, 2013, that is, before the expiration of the statute of limitations for Counts 1, 9, 10, 13, 14, 15, 17, and 22. Therefore, it is indisputable that the statute of limitations period applicable to those counts could be tolled for no more than 6 months (and that all but Counts 10 must be dismissed for that reason).

For example, Count 13 alleges a wire fraud offense, in violation of 18 U.S.C. § 1343, based upon an alleged wiring that occurred on December 22, 2008. Therefore, the expiration of

the original 5-year statute of limitations for Count 13 was December 22, 2013. Because the government received its final MLAT responses <u>before</u> the original statute of limitations would have otherwise expired, the limitations period is tolled for only 6 additional months, under Section 3292(c)(2), to June 22, 2014. Although Vaisman and the government had entered into a series of tolling agreements, from February 11, 2014 through May 13, 2015, the Indictment was not filed until July 10, 2015, that is, almost two months after the expiration of the last of those agreements. Therefore, Count 13 of the Indictment is time barred and must be dismissed.

As shown in the summary chart attached hereto as Exhibit P, the same analysis applies Counts 1, 9, 13, 14, 15, 17 and 22. Those counts must be dismissed under Section 3292(b)(c), as well.

## 2. THE MAXIMUM AMOUNT OF TOLLING UNDER THE MLAT TOLLING ORDERS IS 941 DAYS.

Assuming <u>arguendo</u> that all three MLAT requested encompassed all of the charged offenses (which is disputed),[1] the total number of days tolled by the Court's three MLAT tolling orders is 941 days. The government made three separate requests to foreign authorities and, in each instance, as indicated above, the respective authority took final action in response to such request. See <u>United States v. Atiyeh</u>, 402 F.3d 354, 365 (3d Cir. 2005) ("18 U.S.C. § 3292 (b) is explicit in providing that the 'period of suspension ... ends on the date on which the foreign court or authority takes final action on the request.'"). The determination of what constitutes "final action" under Section 3292 is a mixed question of law and fact. See <u>United States v. Meador</u>, 138 F.3d 986, 991 (5th Cir. 1998). The Third Circuit has not directly addressed the issue of determining when a foreign authority takes "final action" but several other circuits have. The Ninth and Eleventh Circuits have held that "final action" requires a dispositive response by the foreign government to all of the items set forth in the official request. See <u>United States v. Torres</u>, 318 F.3d 1058,1065 (11th Cir. 2003); <u>United States v. Bischel</u>, 61 F.3d 1429, 1431, 1434 (9th Cir. 1995). The Fifth Circuit has held that a foreign authority has taken final action "when the foreign authority believes that it has completed its engagement [and fully complied with the request] and communicates that belief to our government." <u>United States v. Meador</u>, 138 F.3d 986, 992 (5th Cir. 1998).

Under either standard, on February 18, 2011, Guernsey took final action with respect to the government's April 28, 2010 MLAT request in that it provided all information the government was seeking at that time. Notably, in a declaration in support of the second Guernsey Section 3932 application, AUSA McBride confirmed "Guernsey provided documents responsive to its request in 2011." (Ex. L at 7.) McBride did <u>not</u> state that Guernsey's first production of documents in response to the government's request was inadequate or incomplete.

The government has tried to frame its second request to Guernsey, years after the first, as a "follow up" or "supplemental" request. Gov't Br. at 29. The characterization simply does not

---

[1] The 18 U.S.C. §2 claims were not included in the Section 3292 tolling orders; therefore, those offenses must be dismissed, except for Count 10.

stand up to the correspondence or the government's own admissions in its second MLAT tolling request to the Court. As noted by the court in Atiyeh, "the legislative history [of Section 3292] confirms that Congress was concerned only with the prejudice the Government suffers when it must obtain foreign evidence; it was not concerned with the delays attendant to sifting through the evidence." 402 F.3d at 365. Therefore, the statutes of limitation were only tolled during the period in which the government was awaiting a final response to a specific request and resumed once the government received a final response from the respective foreign body.

As summarized in the chart attached as Exhibit P, Count 2 is time barred because the maximum amount of 941 days of MLAT tolling had expired at the time the Indictment was filed. Therefore, Count 2 must be dismissed.

**3. TOLLING IS FURTHER LIMITED ON CERTAIN COUNTS BECAUSE THE GOVERNMENT FAILED TO SHOW BY A PREPONDERANCE OF THE EVIDENCE THAT THE EVIDENCE REQUESTED RELATED TO THE CHARGED OFFENSE AND/OR THAT IT REASONABLY APPEARED THAT SUCH EVIDENCE WAS IN SUCH FOREIGN COUNTRY.**

Section 3292(a)(1) provides that, in order to suspend the running of the statute of limitations, a court must find by a preponderance of the evidence that an official request has been made for evidence in a foreign country relating to an offense that is the subject of a grand jury investigation, and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country. 18 U.S.C. §3292 (a)(1). "[T]he Government, when seeking to toll a statute of limitations under §3292, must provide something with evidentiary value – that is testimony, documents, proffers, and other submissions bearing some indicia of reliability – tending to prove it is reasonably likely that evidence of the charged offense is in a foreign country." United States v. Trainor, 376 F.3d 1325, 1332 (11th Cir. 2004).

In this case, the government, in each of its separate applications to toll the statute of limitations under Section 3292, relied solely on a declaration of AUSA McBride. As reflected in the actual MLAT requests, the evidence sought in each of the government's three applications related only to possible tax offenses and other offenses that were not ultimately charged in the Indictment obtained by the government. No evidence relating to the mail fraud, wire fraud, or aircraft part fraud alleged in the Indictment was requested from or located in France or Guernsey.

Therefore, the government failed to satisfy its burden of proving that any of the tolling periods should be applicable to the mail fraud, wire fraud, and aircraft parts fraud offenses. Consequently, Counts 1-9 and 11-15 must be dismissed as time barred.

## CONCLUSION

The chart attached as Exhibit P also illustrates which counts are subject to dismissal depending on which tolling periods, if any, the Court determines are applicable to the various counts of the Indictment.

   For these reasons, the court should grant Defendant's Motion to Dismiss Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 20, 21, and 22 on statute of limitations grounds.

              Respectfully submitted,

              Mark A. Berman

Attachments

cc:  AUSA Andrew Kogan (via ECF)