**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff*,<br><br>   v.<br><br>GIDEON VAISMAN,<br><br>        *Defendant*. | Crim. No. 15-348<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Defendant Gideon Vaisman's motion for early termination of his probation. D.E. 120. The Government filed opposition. D.E. 122. The Court reviewed the parties' submissions and considered the motions without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the following reasons, Defendant's motion is denied.

### I.    BACKGROUND

Defendant was indicted for conspiracy to commit mail and wire fraud, mail fraud, wire fraud, conspiracy to commit fraud involving aircraft parts, filing false personal tax returns, and filing false corporate tax returns. D.E. 35. Thereafter, Defendant pled guilty to a superseding information charging him with filing a false tax return in violation of 26 U.S.C. § 7206(1) and submitting a false certificate in violation of 18 U.S.C. § 1018. D.E. 104, 105. The Court then sentenced Defendant on May 29, 2019, varying from the recommended United States Sentencing Guidelines' range of 24-30 months and imposing a five-year period of probation. D.E. 115, 116.

As a condition of probation, Defendant was required to perform 80 hours of community service. D.E. 116.

Defendant now seeks termination of his probation. D.E. 120. Defendant indicates that he has complied with his conditions of probation and has completed his community service. *Id.* Defendant adds that he is retired and has severed all ties with the aviation industry. *Id.* Defendant states that "[n]ow, at 81 years old and in declining health, after 10 years of government investigation and 1 year of probation, I am hoping to spend the remaining years of my life with my family in peace, having paid my debt to society." *Id.* In opposition, the Government notes that Defendant has served just one year of his probationary period. D.E. 122 at 1. The Government adds that Defendant received a substantial variance at his sentencing and cites to remarks from the Court as to the potential catastrophic consequences concerning the crucial aircraft parts involved in this case. *Id.* at 2-3. The Government continues that Defendant has not made the requisite showing to support an early termination. *Id.* at 3-4.

## II.  LEGAL STANDARD

The statute addressing early termination of probation provides as follows:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, *if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.*

18 U.S.C. § 3564(c) (emphases added).

The decision to terminate probation early is left to a court's discretion and has traditionally only been granted when a defendant can show changed circumstances. *United States v. Caruso*,

241 F. Supp. 2d 466, 468 (D.N.J. 2003) (citation omitted). Mere compliance with terms of probation is expected and does not support early termination. *Id.* at 468-89 (citations omitted).

### III. ANALYSIS

The Court denies Defendant's motion. His submission falls wells short of showing the requisite conduct or establishing that the interest of justice support his request. Defendant has now served a little over one year of his five-year term. Defendant essentially indicates that he has complied with his conditions of probation, but that is exactly what Defendant must do. As to his health and age, the Court was well aware of his both when it sentenced him a little over a year ago – Defendant has not pointed to any substantial change in his health. Given the recent sentencing of Defendant, the Court's Section 3553(a) analysis at sentencing is still applicable today. In fact, Defendant's age and health were important bases for granting the variance in the first place. And the Court never prohibited Defendant from having contact with his family members.

### IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

It is on this 18th day of August 2020, hereby

**ORDERED** that Defendant's motion for early termination of his probation, D.E. 120, is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Defendant at the address he provided in his filing.

John Michael Vazquez, U.S.D.J.